LINDA VAN WINKLE DEACON (State Bar No. 60133)
ROBERT D. DONALDSON (State Bar No. 167020)
BATE, PETERSON, DEACON, ZINN & YOUNG LLP
888 South Figueroa Street, Fifteenth Floor
Los Angeles, California 90017
Telephone: (213) 362-1860
Facsimile:  (213) 362-1861
ldeacon@bpdzylaw.com
rdonaldson@bpdzylaw.com

Attorneys for Defendant
NATIONAL RAILROAD PASSENGER
CORPORATION

*[All future discovery filings shall include the following language on the cover page: "[Referred to Magistrate Judge Suzanne H. Segal]"*

**NOTE CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HARRIS,<br><br>        Plaintiff,<br><br>    vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, d.b.a. Amtrak; KEITH WOLVERTON, an individual; SEE SEE YOUNG, an individual; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. CV 08-01591 ODW (SSx)<br><br>Assigned for all purposes to:<br>The Honorable Otis D. Wright II<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY THE COURT** |

WHEREAS, documents and information may be produced by plaintiff James Harris ("Plaintiff") and defendant National Railroad Passenger Corporation ("Amtrak") in the course of discovery that are of a confidential, proprietary, personal or private nature to the parties, to the parties' respective employees or former employees, and to third parties;

WHEREAS, Plaintiff was formerly employed as an auditor in Amtrak's Office of Inspector General, which engages in confidential and often highly sensitive audits and investigations involving Amtrak's internal operations, Amtrak's

contractual and other relationships with third parties, and alleged improper or illegal behavior of Amtrak's employees; and

WHEREAS, Plaintiff's job performance in connection with certain audits and investigations carried out by the Office of Inspector General is an issue that is relevant to the determination of the claims asserted in this action,

IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES HERETO AS FOLLOWS:

1.  As used herein, "Confidential Information" includes all documents, material, information, and all data derived or generated therefrom, that is of a confidential, proprietary, personal or private nature to the parties, to the parties' respective employees or former employees, or to third parties.

2.  As used herein, "Requesting Party" means a party to this action who either initiates a discovery request or receives discovery material from a Disclosing Party. "Disclosing Party" means a party to this action or a non-party subpoenaed by a party in this civil action from whom discovery of information is sought.

3.  The Disclosing Party shall communicate its intention to designate Confidential Information in the following manner:

   3.1   In the case of Confidential Information that is contained within a writing (for example, a document or an interrogatory answer), each page of the writing that discloses Confidential Information shall be stamped or otherwise marked "CONFIDENTIAL  
   PROTECTIVE ORDER."

3.2     In the case of Confidential Information that is embodied in oral testimony, the Disclosing Party shall make an appropriate statement for the record at the time the testimony is given. Transcript pages embodying such testimony shall be stamped or marked "CONFIDENTIAL - ~~SUBJECT TO PROTECTIVE ORDER~~." *SAS*

3.3     The contents of all employee personnel files other than that of Plaintiff, including but not limited to documents constituting or relating to performance evaluations, compensation, discipline, termination, personnel decisions, medical condition, and/or workers' compensation claims, and any documents in Plaintiff's personnel file containing Confidential Information, shall be deemed confidential and shall be stamped or otherwise marked "CONFIDENTIAL - ~~SUBJECT TO PROTECTIVE ORDER~~." *SAS*

4.     In the event that the Disclosing Party inadvertently fails to communicate its intention to designate Confidential Information as Confidential Information in the manner set forth in Paragraph 3 above, the Disclosing Party shall so inform the Requesting Party in writing as soon as practicable. After receipt of such notification, the Requesting Party will treat the information as through the information had been designed as Confidential Information from the outset.

5.     If a Requesting Party disagrees with Disclosing Party's designation of Confidential Information, that disagreement shall be conveyed to the Disclosing Party's attorney at any time during the litigation. If the parties cannot reach an agreement on the disputed designation, that dispute shall be submitted to the Court for resolution in accordance with the procedures set forth in ~~Paragraph 9.~~ *Local Rule 37.* *SAS*

6. Each and every person to whom Confidential Information is disclosed or made available, shall first be advised by counsel of the existence and the contents of this Stipulated Protective Order, and shall agree to be bound by its terms. Each such person shall agree not to divulge any Confidential Information to any other person, except as provided herein. Each such person, excluding counsel of record in this litigation and members of their staff, shall sign a statement which shall include his or her name, job title and employer, and a statement that he or she has read this Stipulated Protective Order and agrees to be bound by all of its terms and conditions. Such statements shall be maintained by counsel for the respective parties throughout this litigation and shall be made available to counsel for the opposing party upon a showing of good cause or upon order of the Court.

7. Confidential Information shall be disclosed only to:

(a) The Court and Court personnel;
(b) Plaintiff and Amtrak and their respective attorneys of record and persons employed in the attorneys' offices;
(c) Independent experts or consultants; and
(d) Witnesses or potential witnesses to the extent documents relate specifically to such witnesses or potential witnesses.

8. Confidential Information may not be used or disclosed for any purpose other than allowing the parties to prosecute and defend their claims, counterclaims and defenses in the context of this specific civil action, and for no other purpose whatsoever. In accordance with Paragraph 7 above, Plaintiff's counsel shall restrict disclosure of Confidential Information solely to Plaintiff and to counsel's employees who have a need to know the information for the specific purpose of performing services in connection with this litigation. Plaintiff and his counsel shall not

disclose to any other persons, entities, or third parties any materials, data, or information compiled or prepared by Plaintiff or counsel in connection with its access to the Confidential Information, in a manner or format that would make the Confidential Information readily discernable to a knowledgeable recipient. Nothing in this Stipulated Protective Order shall be construed as an admission or concession regarding the relevance or admissibility of any documents or information in this civil action.

9. In the event a Requesting Party disputes the designation of any [*in accordance with procedures of Local Rule 37*] materials as Confidential Information, the Requesting Party shall so notify the Disclosing Party in writing, identifying the specific material, information and/or data derived or generated therefrom which is at issue. The material, information and/or data derived or generated therefrom which is at issue shall remain confidential for a period of twenty (20) days within which time the Disclosing Party may move for a protective order with respect to said material, information and/or data derived or generated therefrom. If the Disclosing Party does not move for a protective order within twenty days from the date on which it receives written notice from the Requesting Party hereunder, then the material, information and/or data derived or generated therefrom which is at issue shall be deemed as not confidential. If the Disclosing Party does move for a protective order within twenty days, then the material, information and/or data derived or generated therefrom which is at issue shall remain confidential until such time as the Court rules on the motion.

10. Any party wishing to file any Confidential Information with the Court under seal must comply with the provisions of Local Rule 79-5. Before filing any document under seal, if reasonably possible, the parties shall meet and confer as to whether filing a document under seal is necessary or if redaction of portions of the document would serve to protect the confidentiality of the information.

11. If any Confidential Information is sought through discovery or otherwise from any person in any judicial or administrative proceeding other than this civil action, that party will immediately notify the Disclosing Party or the Disclosing Party's attorney so as to permit the Disclosing Party to seek a protective order from the appropriate Court.

12. The parties shall submit this Stipulated Protective Order to the Court to be "so ordered" and shall be bound by its terms prior to being "so ordered" by the Court. This Stipulated Protective Order shall remain in effect unless modified by an order of the Court or by written stipulation of the parties filed with the Court.

13. Within sixty (60) days after the final termination of this action, whether by settlement, dismissal or other disposition, all originals and copies of documents designated as Confidential Information shall be returned to the party who produced the documents, together with all documents containing data or information obtained, derived, or generated from such Confidential Information.

14. The Court may modify this Stipulated Protective Order as the Court deems just and appropriate.

BATE, PETERSON, DEACON, ZINN & YOUNG LLP

DATED: May 6, 2008    By: _____//s//_____
                         Robert D. Donaldson
                         Attorneys for Defendant NATIONAL RAIL PASSENGER CORPORATION

IT IS SO ORDERED.

DATED: 5/6/08

_____
UNITED STATES MAGISTRATE JUDGE

6

Stipulated Protective Order

| | |
|---|---|
| 1  DATED: May 6, 2008 | LAW OFFICE OF SAMUEL A. LOVELY |
| 2 | By: |
| 3 | _____//s//_____ |
| 4 | Samuel A. Lovely<br>Attorneys for Plaintiff JAMES HARRIS |
| 5 | SO ORDERED: |
| 6  DATED: _____ | |
| 8 | _____<br>United States District Court Judge |

BATE, PETERSON, DEACON, ZINN & YOUNG, LLP
888 SOUTH FIGUEROA STREET, SUITE 1500
LOS ANGELES, CALIFORNIA 90017